[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 17, 2005
THOMAS K. KAHN
CLERK

No. 03-12849
Non-Argument Calendar

_____

D. C. Docket No. 02-00203-CR-CG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NURY DEJESUS ARBELAEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(June 17, 2005)

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before ANDERSON, CARNES and HULL, Circuit Judges.

PER CURIAM:

We previously affirmed the conviction in this case.  See United States v.

Arbelaez, No. 02-00203 (11th Cir. June 4, 2004). The Supreme Court has vacated our prior judgment and remanded the case to us for further consideration in light of Booker v. United States, 543 U.S. __, 125 S.Ct. 738 (2005). Having reconsidered our decision pursuant to the Supreme Court's instructions, we reinstate our judgment affirming the conviction and affirm the sentence.

In Booker, the Supreme Court did two things: first, following Blakely v. Washington, 542 U.S. ___, 124 S. Ct. 2531 (2004), it held that sentence enhancements based solely on judicially found facts pursuant to the mandatory Federal Sentencing Guidelines violated the Sixth Amendment; and second, it rendered the guidelines effectively advisory in order to comport with the Sixth Amendment by excising those provisions of the statute that made the guidelines mandatory. Id. at ___,125 S.Ct. at 749-51, 764.

Arbelaez argues that the district court erred by applying a mandatory guideline sentence. In her initial brief on appeal, Arbelaez argued that the district court violated the doctrine of Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000) by failing to providing a specific breakdown of drug quantity on the jury form, and only submitting the question of whether the amount of cocaine involved in her offense was over or under 5 kilograms. She did not raise this challenge or any challenge to the constitutionality of her sentence in the district court. Accordingly,

we review for plain error. See United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005) (stating that because defendant did not raise a Sixth Amendment challenge in the district court, our review is only for plain error).

In United States v. Rodriguez, we applied plain error analysis to a claim that the defendant's sentence violated his Fifth and Sixth Amendment rights in light of Booker because it was based on a judge's finding of facts that were neither charged in an indictment nor proven to a jury. 398 F.3d 1291(11th Cir. 2005). The Rodriguez opinion stated that a sentence enhancement based on a fact, other than a prior conviction, found solely by the judge in a mandatory guideline system met the first and second prongs of the plain error test. Id. at 1298-99. The court stated that the error was not that there were "extra-verdict enhancements" that led to an increase in the defendant's sentence, but rather that those enhancements were applied in a mandatory guideline system. Id. at 1300.

Applying the third prong, the court in Rodriguez then asked "[w]hether there is a reasonable probability of a different result if the guidelines had been applied in an advisory instead of binding fashion by the sentencing judge in this case." Id. at 1301. Emphasizing that the defendant bore the burden of persuasion with respect to prejudice, the court in Rodriguez found that the defendant could not meet his burden because the record provided no indication that it was any more likely that the error

3

– applying the Guidelines as mandatory as opposed to advisory – resulted in a greater sentence rather than a lesser one. Id. at 1301. In other words, the defendant could not show that the error "affected his substantial rights" because he could not show that it worked to his disadvantage rather than to his advantage.

Similarly, Arbelaez cannot show that the Booker error in this case affected her substantial rights by resulting in a greater sentence because she cannot point to anything indicating that the judge would have imposed a lesser sentence in an advisory system.[1] Indeed, the judge sentenced Arbelaez at the high end of the guideline range, which indicates that Arbelaez would not receive a lesser sentence in the advisory system.

For the foregoing reasons, we reinstate our opinion affirming her conviction and affirm her sentence.

**AFFIRMED.**

---

[1] Nothing in Booker undermines the legitimacy of Arbelaez' conviction because Booker only addresses the sentencing phase.